UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>EDUARDO MORALES-MARTINEZ,<br><br>　　　　　　　Defendant. | CASE NO. CR17-5205 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE |

This matter comes before the Court on Defendant Eduardo Morales-Martinez's ("Morales-Martinez") motion to dismiss the complaint with prejudice (Dkt. 13). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I.　PROCEDURAL AND FACTUAL HISTORY

On May 18, 2017, the Government filed a complaint against Morales-Martinez alleging one count of being found in the country after deportation in violation of 8 U.S.C. 1326(a) and (b). Dkt. 1. The Government arrested Morales-Martinez on the same day. *See* Dkt. 7.

1  On June 28, 2017, Morales-Martinez filed the instant motion seeking dismissal of
2  the complaint with prejudice for failure to indict within thirty days in violation of the
3  Speedy Trial Act, 18 U.S.C. § 3161(b).  Dkt. 13.  On July 3, 2017, the Government
4  responded.  Dkt. 15.  On July 5, 2017, the Government filed an indictment.  Dkt. 17.  On
5  July 7, 2017, Morales-Martinez replied.  Dkt. 15.  On July 11, 2017, Morales-Martinez
6  filed a supplemental authority.  Dkt. 25.  On July 14 and 18, 2017, the Government filed
7  supplemental materials.  Dkts. 27, 29.  On July 18, 2017, Morales-Martinez responded.
8  Dkt. 30.

## II.   DISCUSSION

In this case, the parties agree that the complaint must be dismissed for a violation of the Speedy Trial Act but dispute whether the complaint should be dismissed with or without prejudice.  "In determining whether to dismiss with prejudice or without prejudice, the court must consider three factors: '[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice.'"  *United States v. Pena-Carrillo*, 46 F.3d 879, 882 (9th Cir. 1995) (quoting 18 U.S.C. § 3162(a)(1)).

**A.   Offense**

The Government alleged that Morales-Martinez reentered the United States after a previous deportation in violation of 8 U.S.C. § 1326(a).  Dkt. 1.  It is undisputed that Morales-Martinez has been convicted of a previous felony in the United States.  "Illegal reentry after felony conviction is a moderately serious offense."  *Pena-Carrillo*, 46 F.3d

at 882. The Court concludes that the offense alleged against Morales-Martinez is moderately serious and weighs in favor of dismissal without prejudice. *See, e.g., United States v. Klanseck*, 13-CR-20625, 2017 WL 1177457, at *3 (E.D. Mich. Mar. 30, 2017) ("the Court determines that Defendant's charges constitute somewhat serious offenses, weighing in favor of dismissal without prejudice.").

**B.   Reasons for Dismissal**

The burden is on the Government to explain the cause of pretrial delay. *United States v. Graham*, 128 F.3d 372, 374 (6th Cir. 1997).

In this case, the Government admits negligence. The Supreme Court has stated that, "[a]lthough negligence is obviously to be weighed more lightly than a deliberate intent to harm the accused's defense, it still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun." *Doggett v. United States*, 505 U.S. 647, 657 (1992). Even though the Government indicted Morales-Martinez as soon as possible after becoming aware of the violation, the Government is still at fault for the delay and this factor weighs slightly in favor of dismissal with prejudice.

**C.   Re-Prosecution and Administration of Justice**

"The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." *United States v. Robinson*, 389 F.3d 582, 589 (6th Cir. 2004). The Supreme Court has identified three defense interests a court should consider

when determining actual prejudice in speedy trial cases: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility that the defense will be impaired. *Barker v. Wingo*, 407 U.S. 514, 532 (1972).

In this case, Morales-Martinez has failed to show undue prejudice. Although Morales-Martinez has been incarcerated and undoubtedly experienced anxiety and concern, the delay in this case is minimal compared to the majority of the published cases. Even if Morales-Martinez was released thirty days after the complaint was filed, it is unclear whether Morales-Martinez would still be in custody pending deportation. Moreover, there is no showing that Morales-Martinez's defense has been impaired. Thus, the Court concludes that Morales-Martinez has suffered little if any actual prejudice from the delay.

With regard to misconduct that must be deterred, there is no evidence that the instant negligence is systemic. In fact, during the hearing, the assistant United States attorney, a very seasoned, experienced, diligent and excellent prosecutor, outright admitted that the lapse was his fault. But he also provided facts on the record that his office has a dual calendaring system and that the office has further implemented even more procedures to prevent similar lapses in the future. Under such circumstances, the Court is not persuaded that a severe sanction is necessary to correct any systemic prosecutorial misconduct. Thus, this factor does not weigh in favor of dismissal with prejudice.

At this point, this factor is at best neutral. The Court, however, may look to other circumstances affecting the general interests of the administration of justice. *United*

*States v. Clymer*, 25 F.3d 824, 833 (9th Cir. 1994) (comparing defendant's improper incarceration with co-defendant's plea).  Under the particular facts of this case, the administration of justice would be impaired by a dismissal with prejudice because the Court is unable to ignore Morales-Martinez's repeated failure to respect the laws of this nation.  If this was Morales-Martinez's first conviction and/or deportation proceeding, the Court would give Morales-Martinez the benefit of the doubt on the alternative of deportation and, if desired, reentry through legal means.  Morales-Martinez, however, has established a consistent pattern of misconduct.  He has been deported three times, illegally reentered after each deportation, and continues to commit crimes, misdemeanors and felonies involving drugs and alcohol.  Based on these facts, there is a substantial likelihood that deportation will result in another illegal reentry and subsequent crimes, especially if the indictment is dismissed with prejudice.  As such, the proper administration of justice weighs in favor of a dismissal without prejudice.

**D.      Summary**

Considering all of the facts of this case, and applying all of the statutory factors, the Court concludes that the Government should be permitted to re-prosecute Morales-Martinez.  While the delay was solely the Government's fault, the other factors weigh in favor of dismissal without prejudice.  The Court concedes that the competing interests are close, but Morales-Martinez's history of deportations and commissions of crimes counsels in favor of re-prosecution.

### III. ORDER

Therefore, it is hereby **ORDERED** that Morales-Martinez's motion to dismiss (Dkt. 13) is **GRANTED in part** and **DENIED in part**. The Government's complaint and indictment are **DISMISSED without prejudice**. The Clerk shall close this case and enter **JUDGMENT**.

Dated this 19th day of July, 2017.

BENJAMIN H. SETTLE
United States District Judge